# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-00204-01-CR-W-BP |
| | ) | |
| TERRY W. RANDOLPH, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter comes before the Court on the Report and Recommendation[1] ("Report"), (Docs. 35, 36), prepared by Magistrate Judge John T. Maughmer concerning Defendant's Motion to Suppress, (Doc. 21), and Motion to Quash Indictment, (Doc. 22). Judge Maughmer recommends that Defendant's Motions be denied, with the exception of one statement made by Defendant. Defendant filed Objections to the Report and Recommendation. (Doc. 37.) The Government has not responded to the Objection, and the time for doing so has passed.

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the exhibits admitted during the hearing, and Defendant's objections. Having conducted this review, the Court adopts the Report as the Order of the Court; the Court's discussion is intended to augment, not supplant, the Report.

### I.  BACKGROUND

Defendant Terry W. Randolph has been charged with being a felon in possession of a firearm under an indictment which states:

---

[1] Doc. 36 is an Order Amending Report and Recommendation which corrects a single paragraph in the Report.

On or about February 22, 2014, in the Western District of Missouri, defendant TERRY W. RANDOLPH, having been convicted of a crime punishable by imprisonment for a term exceeding on year, did knowingly possess, in and affecting commerce, a firearm, to wit: a Masterpiece Arms 9mm machine pistol, model MPA930T-A, bearing Serial Number F6214, which had been transported in interstate commerce, contrary to the provisions of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The indictment arose from an incident that occurred on February 22, 2014. Independence Police responded to a burglary call at a residence at 9930 East 31st Street in Independence. Officers Gillihan, Sumsted, and Flavin responded to the call and upon arrival saw three people in the driveway of the residence. The officers, who had their weapons drawn, ordered the individuals to get on the ground. The individuals were then secured for officer safety.

Officer Gillihan patted down each individual, including Defendant and asked if they had any weapons on their persons. Defendant responded that he did not have a weapon on him, but he had a gun in his truck which was in the driveway of the residence. Officer Gillihan asked Defendant if the gun was loaded and Defendant stated it was not, but the magazine was loaded. Officer Gillihan asked if Defendant was a felon and Defendant stated that he was, but it was so long ago it did not matter. Further, Defendant stated that a family member in law enforcement had done a computer check to ensure Defendant was no longer a felon.

The officers continued to investigate the possible burglary, but were unable to locate the owner of the residence. At that point, the two other individuals were released, but Officer Gillihan continued to investigate whether Defendant was a felon in possession of a firearm. Defendant was advised of his *Miranda* rights and waived his rights. Defendant also consented to a search of his truck. Defendant was not impaired, was told he did not have to consent, and understood English as Officer Gillihan asked him to read a portion of the form aloud. Defendant further consented to a search of his person. As a result of the searches, officers recovered a small

2

amount of methamphetamine in Defendant's pocket, and a firearm inside a plastic case in the floorboard of Defendant's truck.

Defendant raised two arguments: (1) the indictment should be quashed because the firearm in question is not a "machine pistol" as stated in the indictment; and (2) that the search of the truck was unlawful and the firearm discovered in it should be suppressed.

## II. DISCUSSION

### A. Motion to Quash the Indictment

Defendant argues the indictment improperly refers to the gun as a "machine pistol." Based upon the *Dictionary of Weapons and Military Terms*, Defendant contends that "machine pistol" is a term for a sub-machine gun; however, the firearm recovered from Defendant's truck is a semi-automatic pistol. Judge Maughmer noted that the Court "is not free to consider evidence not appearing on the face of the indictment." *United States v. Birbragher*, 576 F. Supp. 2d 1000, 1005 (N.D. Iowa 2008) *aff'd*, 603 F.3d 478 (8th Cir. 2010), *and aff'd sub nom. United States v. Kanner*, 603 F.3d 530 (8th Cir. 2010). Further, because the description of the firearm as a machine pistol or a semi-automatic pistol is an unnecessary allegation in the indictment, the Court may disregard it as long as allegations sufficient to charge the crime exist. *United States v. McIntosh*, 23 F.3d 1454, 1457 (8th Cir. 1994). Accordingly, Judge Maughmer recommended denying Defendant's Motion to Quash the Indictment.

Defendant's Objections raises two arguments to Judge Maughmer's Report. First, Defendant continues to discuss the difference between a machine pistol and a semi-automatic pistol. Defendant notes that the Government did not challenge the Defendant's definition, cites to an additional source regarding firearms, notes that machine guns are legislated differently than other guns and that machine guns fire faster than other guns and can be more dangerous. Due to

3

these differences, Defendant contends he cannot receive a fair trial with that term in the indictment. Second, Defendant notes that in *McIntosh*, the issue was not the type of gun, but the model of gun.

Although Defendant seeks to provide additional information regarding the differences in machine guns and semi-automatic pistols, he does not provide a legal basis for the Court to consider evidence outside the indictment. Therefore, Defendant's objections regarding the definition cannot be considered. Further, *McIntosh* clearly holds that unnecessary allegations in the indictment may be disregarded. While Defendant correctly notes a difference between his circumstances and those in *McIntosh*, he does not provide a basis for the Court to reject the clear precedent of the Eighth Circuit or determine that "machine pistol" is anything but surplusage that may be disregarded. For these reasons, the Court will adopt Judge Maughmer's recommendation and deny the Motion to Quash the Indictment.

### B. Motion to Suppress

Next, Defendant's Motion to Suppress argued that the search of his truck which led to the discovery of the firearm was unconstitutional. At the hearing, Judge Maughmer heard testimony regarding the entire February 22, 2014 incident and evaluated each step in Officer Gillihan's interaction with the Defendant which led to the discovery of the gun in Defendant's truck.

First, the Court finds that Defendant's statement that there was a gun in his truck is admissible. The officers had reasonable suspicion to investigate the three individuals at the residence due to the report of a burglary in progress. Further, when Officer Gillihan conducted the protective frisk of Defendant and the other individuals at the scene, he asked a permissible question about whether Defendant had any weapons on his person. *See United States v. Hernandez*, 751 F.3d 538, 541 (7th Cir. 2014). Defendant responded that he did not have any

4

weapons on his person, but added that he had a gun in his truck. This response was spontaneous and voluntary. Moreover, even if Defendant was in a custodial interrogation, because the admission was spontaneous and voluntary and was not induced by the question asked by Officer Gillihan, it would be admissible. *United States v. Crisolis-Gonzalez*, 742 F. 3d 830, 837 (8th Cir. 2014).

After Defendant's disclosure regarding the gun in his truck, Officer Gillihan testified that he asked Defendant if he was a felon, and Defendant responded that he was a felon. The Court finds this statement is inadmissible because, as discussed by Judge Maughmer, it had no purpose other than to incriminate Defendant. Further, Defendant was not free to leave at that time as Officer Gillihan testified the officers would have chased or tased Defendant if he had attempted to leave. Thus, Defendant should have been informed of his *Miranda* rights prior to Officer Gillihan's question, and Defendant's statement must be suppressed. However, because it is standard procedure to have the dispatcher check criminal history, Defendant's felony conviction would have been discovered through the routine procedures unrelated to the question asked by Officer Gillihan. Moreover, Defendant later agreed to waive his *Miranda* rights, which would have allowed Officer Gillihan to ask questions regarding Defendant's status as a felon.

Finally, the Court finds Randolph subsequently waived his *Miranda* rights, consented to a search of his person, and signed a consent form to allow the search his vehicle. As discussed by Judge Maughmer, the testimony shows Defendant was an adult of basic general intelligence not under the influence of any substances, who was able to read back part of the consent form when asked. Although Defendant stated he did not really remember signing the consent form, he did not dispute that he had done so. (Doc. 32, p. 34 (Defendant stated he signed the form and consented to the search of his vehicle, but he "d[id]n't remember signing it.").) Accordingly,

with the exception of Officer Gillihan's question and Defendant's statement regarding his felony conviction, the Court finds the officers acted lawfully in questioning Defendant and conducting the searches of him and his property.

Defendant objects to the Report's recommendations regarding Defendant's statement that he had a gun in his truck. The Court notes Defendant inaccurately restates Judge Maughmer's findings. Defendant states that Judge Maughmer found Defendant was subject to a custodial interrogation at the time he was asked about weapons. However, the Report found Defendant was being subjected to a protective *Terry* frisk, (Doc. 35, p. 6), but "even if an argument could be fashioned that Officer Gillihan was conducting a custodial interrogation" the statement would still be admissible. (Doc. 35, pp. 7-9.)

Defendant argues that Judge Maughmer failed to explain how his statement could be voluntary if he was in custody. Defendant cites no case law on this issue, and does not discuss the case law cited by Judge Maughmer. (*See Id.* at p. 9.) The Court finds the facts and circumstances show Officer Gillihan asked a permissible question regarding whether Defendant was carrying any weapons just before conducting a pat down and Defendant's response provided more information than Officer Gillihan intended to elicit.

Further, while Defendant now argues he was simply providing a complete answer to the question, at the hearing Defendant testified that he gave that response "[b]ecause the law says you're supposed to disclose if you have a gun or not[,]" not because he thought Officer Gillihan's question required such a response. (Doc. 32, p. 27.) In addition, Defendant now states that he was "at the point of Officer Gillihan's pistol" when he answered. However, the hearing transcript provides no support from Defendant's testimony or Officer Gillihan's testimony that any officers still had their guns drawn after securing Defendant. In fact, Officer

Gillihan testified that he had secured one individual in his vehicle by the street, walked 60 yards back toward the residence to join the officers with Defendant and the third individual, and then started to check for weapons by performing a pat down on Defendant and the third individual. (*Id.* at pp. 6-7.) Thus, there is no basis for the Court to determine Defendant was asked at gunpoint whether he was carrying a weapon. Thus, Defendant's objections provide no legal basis or factual basis to challenge the Report. For these reasons, the Court will adopt Judge Maughmer's recommendation regarding Defendant's Motion to Suppress.

### III. CONCLUSION

After an independent and careful review, the Court **ADOPTS** Judge Maughmer's Report and Recommendation as amended, (Docs. 35, 36).

Accordingly, Defendant's Motion to Suppress, (Doc. 21), is **GRANTED in part.** Defendant's statement that he was a felon is **SUPPRESSED**. In all other respects, the Motion to Suppress, (Doc. 21), is **DENIED**. Further, Defendant's Motion to Quash the Indictment, (Doc. 22), is **DENIED**.

**IT IS SO ORDERED.**

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

DATE: 12/15/15